I think the judgment should be affirmed, with costs."

*Walter C. Anthony*, for the appellants.   *Daniel T. Walden*, for the respondents.

Opinion by BARNARD, P. J.; PRATT, J., concurred.

Present — BARNARD, P. J., PRATT and DYKMAN, JJ.

Judgment affirmed, with costs.

---

WILLIAM A. GUEST, APPELLANT, *v.* THE CITY OF BROOK-
LYN AND DANIEL D. WHITNEY, As REGISTRAR OF ARREARS,
ETC., RESPONDENTS.

*Assessment — publication of notice in different editions of papers — Laches of owner
of property assessed.*

APPEAL from an order made at the Special Term sustaining a demurrer interposed by the defendant, and dismissing the plaintiff's complaint in an action to annul a sale for a city assessment.

The court at General Term say : " The general questions involved in this appeal were before this court at the General Term in May of this year, and were then examined, and we adhere to the opinion then delivered, and reported in the eighth volume of Hun's Reports, at page 97.

The allegation in the complaint, that certain notices were not properly published because they were published only in the earlier edition of the newspaper, does not make out a case of defective publication.

If none but the earlier editions of the paper had been published, then, of course, it would not be claimed that there was any defect in the publication ; and the fact that there were, or may have been, later daily editions of the newspapers cannot make any difference. If the assessments complained of should ever ripen into a title, the conveyance would only be evidence of the regularity of the proceedings had for the sale, and not of the assessment and other proceedings had before the right to sue attaches. (*Marsh* v. *City of Brooklyn*, 59 N. Y., 280.)   This being so, it will be necessary for a claimant in proceedings to enforce this lien, or recover possession of the premises under any conveyance given in pursuance of or

under it, to introduce extrinsic evidence to show the regularity of the proceedings. Such evidence would of itself disclose the defects and irregularities complained of, and defeat a recovery.

Thus the plaintiff has the testimony always at hand for his own protection, and in such cases courts of equity will not interpose. Besides, we think the plaintiff comes with a very poor grace into a court of equity at this time, to ask to have his land relieved from all burdens imposed for the Third street improvement.

The proceedings were commenced in 1861, and have been going on in different stages almost all the time since. It was a proceeding to open and widen the street, and grade, pave, flag and ornament it, and also to insert sewers and water pipes beneath its surface, and by all these extensive improvements to bring it into public use and importance, and, as a necessary result, to enhance the value of the property lying on the street very materially. The plaintiff stood by all these years and saw this improvement going on, and was bound to know that some proceedings would be taken, under the provision of the city charter, to collect the money to pay for these improvements.

Different notices were published on the subject, designed to call public attention to the proceedings, and to invite objections, if any there were. Still the plaintiff remained silent, even though, as he states in his complaint, he knew the proceedings were wrong. Thus, so far as he could do so by his silence, he lulled the city into a sense of security, gave them no warning of approaching danger, took all the benefit he could from the progressing improvement, and when it was all done, comes forward with his bill in equity and sets up all the irregularities in the proceedings, and asks to have his land relieved from paying any part of the expense of the improvement. Had the plaintiff spoken in time, and raised objections in the proper quarter at the proper time, most of the irregularities complained of, if not all of them, could have been avoided, or the work could have been stopped. We think he should have done so, and that there is no excuse for his laches in that respect. It is a rule of equity that if a person remains silent when equity and fair dealing require him to speak, equity will require him to remain silent when he wishes to speak.

The judgment must be affirmed, with costs."

*John J. Townsend,* for the appellant.   *William C. De Witt,* for the respondents.

Opinion by DYKMAN, J.

Present — PRATT and DYKMAN, JJ.   BARNARD, P. J., not sitting.

Judgment affirmed, with costs.

---

ELIZA   A.   HASBROUCK, APPELLANT, *v.* DAVID   J. BLAUVELT AND CHARLES   HASBROUCK, EXECUTORS OF, ETC., OF MOSES C. HASBROUCK, RESPONDENTS.

*Cause of action — fraud of executors — inducing plaintiff to accept worthless securi-
ties as cash — liability of estate.*

APPEAL from an order made at the Circuit directing that the complaint herein be dismissed.

The court at General Term say : " We think the complaint sufficiently states a cause of action.   It avers that the plaintiff had a claim against the estate of Moses C. Hasbrouck.   That this claim was admitted by both defendants, and was agreed to be paid by them in cash.

That Blauvelt, one of the executors, fraudulently induced the plaintiff to accept worthless securities as cash.   That the securities were not delivered to plaintiff, but still remain in the possession of said Blauvelt.   The plaintiff by this action seeks to set aside the agreement to receive the securities as cash, and to be permitted to recover judgment against the estate for the amount of her claim.

It does not distinctly appear to whom the securities belonged, whether to the estate, or to Blauvelt, or to strangers.   In the absence of evidence creating an estoppel against plaintiff it would make no difference.

The estate cannot be permitted to be benefited through the fraud of one of the executors.   If the estate owned the worthless securities and fraudulently induced plaintiff to accept them, of course it was no payment."